USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/15/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
TRT LEASECO, LLC,                             :
                          Plaintiff,    :
                               :
            -against-         :     20-CV-5257 (VEC)
                               :
DGI-BNSF CORP.,                               :     ORDER
                               :
                        Defendant.    :
------------------------------------------------------------- :
                               X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on April 13, 2018, DGI-BNSF Corp. sued TRT LeaseCo, LLC (18-CV-3252) ("DGI Action");

      WHEREAS the trial in the DGI Action is set to begin on November 16, 2020, *see* 18-CV-3252, Dkt. 85;

      WHEREAS on July 9, 2020, TRT LeaseCo, LLC filed this related lawsuit, 20-CV-5257, against DGI-BNSF Corp. seeking a Declaratory Judgment;

      WHEREAS TRT LeaseCo, LLC filed a Motion for Preliminary Injunction on July 27, 2020, Dkt. 10;

      WHEREAS DGI-BNSF Corp. filed a Motion to Dismiss on August 10, 2020, Dkt. 24; and

      WHEREAS the parties appeared for a telephonic hearing on Thursday, September 10, 2020;

      IT IS HEREBY ORDERED that for the reasons stated at the hearing, further expanded upon below, the Plaintiff's Motion for Preliminary Injunction is DENIED.

1. To obtain a preliminary injunction, the moving party must show: (1) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor, and (2) that he is likely to suffer irreparable harm in the absence of the injunction. *See Kelly v. Honeywell International, Inc.*, 933 F.3d 173, 183–84 (2d Cir. 2019); *UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000).

2. The preliminary injunction standard is different when a party is seeking an affirmative preliminary injunction that "alters the status quo by commanding some positive act, as opposed to a prohibitory injunction seeking only to maintain the status quo." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (quoting *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010)). In such instances, a preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Id.*

3. The district court has wide discretion in determining whether to grant a preliminary injunction. *See Grand River Enterprise Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citing *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005)). A preliminary injunction is, however, "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *see also Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986) (recognizing that

"preliminary injunctive relief is an extraordinary remedy and should not be routinely granted.").

4. Plaintiff TRT LeaseCo, LLC ("TRT") has not made a clear showing that its alleged irreparable harm[1] is causally related to DGI-BNSF Corp.'s ("DGI") conduct. *See Diversified Mortg. Inv'rs v. U.S. Life Ins. Co. of New York*, 544 F.2d 571, 576 (2d Cir. 1976) ("Whatever [Plaintiff's] chances of success on the merits of its claims may be, an issue upon which we express no opinion, we are hard pressed to find any irreparable harm which is causally related to [Defendant's conduct]."). *See also Nachshen v. E. 14 Realty*, LLC, No. 18-CV-8304, 2019 WL 5460787, at *2 (S.D.N.Y. Oct. 9, 2019) (finding the "causal chain" linking the alleged irreparable harm to the conduct at issue was "too attenuated and unsupported" to warrant a preliminary injunction); *Mattina v. Ardsley Bus Corp.*, 711 F. Supp. 2d 314, 327 (S.D.N.Y. 2010) (granting a preliminary injunction in part because of the "causal connection" between respondent's practices and the harm alleged).

5. TRT has not shown that it was DGI that caused it harm. Leo Schwartz, who is an officer of DGI, CRIC TRT Acquisition, LLC, CMC Industries, and TRT, is alleged to have interfered with the transfer of funds from the Wells Fargo Trust Account to TRT. *See* Motion for Preliminary Injunction, Dkt. 11, at 6. But TRT has sued DGI,

---

[1] There is also a very real question whether TRT's alleged harm is irreparable. TRT argues that its inability to fund its defense in the DGI Action is irreparable harm. To date, its defense has been funded by Kingsway Financial Services and CMC Acquisition, its parent companies, which are the ultimate beneficiaries of the corporate actions that are at issue in the DGI Action. *See* Motion for Preliminary Injunction, Dkt. 11 at 1 (describing how CMC Acquisition and Kingsway, as TRT's "indirect parents," funded the lawsuit); Defendant's Response, Dkt. 19, at 18–19 (outlining how the DGI Action ultimately benefits Kingsway). Putting aside whether the cases on which TRT relies are applicable (all involve insurance companies' obligation to defend under insurance policies), there is substantial reason to doubt that Kingsway will abandon its position in this lawsuit. To the extent it does, TRT may actually benefit by not being required to pay, dollar for dollar, for the use of Kingsway's net operating losses.

not Leo Schwartz.[2] Mr. Schwartz submitted an affidavit in which he asserted that the Wells Fargo escrow agent contacted him "as an officer of CMC Industries, TRT, or CRIC," not in his capacity as an officer of DGI. *See* Schwartz Decl., Defendant's Response, Dkt. 20, ¶ 8. TRT implies that the involvement of DGI's counsel and the reference to DGI's ongoing lawsuit demonstrates that Mr. Schwartz was acting in his DGI capacity, *see* Motion for Preliminary Injunction, Dkt. 11, at 6, but it also acknowledges that DGI and CRIC have the same counsel. *See* TRT Reply, Dkt. 27 at 5. At a minimum, there is a substantial question of fact whether DGI has caused TRT any harm, let alone irreparable harm.

6. Second, even if DGI's conduct was causally related to TRT's alleged irreparable harm, "[i]t would make little sense for a court to conclude that a plaintiff has shown irreparable harm when the relief sought would not actually remedy that harm. A plaintiff may be irreparably harmed by all sorts of things, but the irreparable harm considered by the court must be caused by the conduct in dispute and remedied by the relief sought." *Sierra Club v. U.S. Dep't of Energy*, 825 F. Supp. 2d 142, 153 (D.D.C. 2011); *see also Mostaghim v. Fashion Inst. of Tech.*, No. 01-CV-8090, 2001 WL 1537545, at *3 (S.D.N.Y. Dec. 3, 2001) ("[E]ven if [Plaintiff] were ultimately to prevail on his … claim, the Court could not upon this finding prevent [the irreparable harm Plaintiff alleges].").

7. Even if this Court were to grant TRT's Motion for a Preliminary Injunction, this would not actually remedy the harm that Plaintiff alleges. Even with a preliminary injunction in hand, once TRT were to re-request the transfer from the Wells Fargo

---

[2] Plaintiff has not explained why it did not name Schwartz as a Defendant.

Trust Account, an officer from either CRIC TRT Acquisition, LLC or CMC Industries is likely to reiterate the prior request that Wells Fargo not honor the transfer.[3] Leo Schwartz has already objected to the transfer, and it seems highly likely that if another request were made, he would reiterate his objection, making plain on behalf of which corporate entity he is acting.  Therefore, a preliminary injunction from this Court would be unlikely to remedy Plaintiff's alleged harm.

8. Additionally, a preliminary injunction "should not be used as a device for … deciding questions of contract breach, properly determinable after trial" and resolving a Motion for Preliminary Injunction "is not an adjudication on the merits." *See Diversified Mortg. Inv'rs v. U.S. Life Ins. Co. of New York*, 544 F.2d 571, 576 (2d Cir. 1976) (collecting cases).  TRT is "in effect, asking the Court to require defendants to pay plaintiffs the damages plaintiffs seek in the underlying contract dispute while that dispute is in the process of being litigated." *Dover Steel Co. v. Hartford Accident & Indem. Co.*, 806 F. Supp. 63, 67 (E.D. Pa. 1992).  Or put another way, to grant TRT's requested preliminary injunction "would be tantamount to making available to plaintiffs the financial fruits of victory when their right to obtain judgment remains at issue." *Id.* at 68.  TRT and DGI are headed to trial; the proper scope of the Management Services Agreement will be determined at trial.

IT IS FURTHER ORDERED that this action is STAYED pending the conclusion of the

---

[3] As the Court indicated during the hearing, there is a substantial question of fact whether TRT's request to draw on the Wells Fargo Trust Account to pay fees associated with the defense of the DGI Action violates a standstill agreement executed by CRIC TRT Acquisition, LLC, BNSF-Delpres Investments LTD., CMC Industries, Inc., and CMC Acquisition, LLC and so ordered by Judge Jesse Furman (18-CV-00209) on October 29, 2018. *See* Ex. 9 to Defendant's Response, Dkt. 22.

related action, *DGI-BNSF Corp. v. TRT LeaseCO, LLC*, 18-CV-3252.  The Clerk of Court is respectfully directed to stay this case and all open motions.

    IT IS FURTHER ORDERED that nothing in this Order prevents the law firm Ruberry, Stalmack, & Garvey, LLC, from suing its client, whomever that may be, for failure to pay its legal fees and costs.  The Court also reminds counsel that any request to withdraw from representation requires the Court's leave.

**SO ORDERED.**

Date:  **September 15, 2020**
       **New York, New York**

       **VALERIE CAPRONI**
       **United States District Judge**